**EXHIBIT "A"**

## UNIT DEED

**THIS INDENTURE** made this /6 day of October, 1998, between Daniel A. Swick and Jon Fieldman as Executors of the Estate of Estelle Fieldman, deceased, Joe Stareshefsky, and Lillian Stareshefsky, all having offices in care of Joe Stareshefsky, 22 Scher Place, Passaic, New Jersey 07068, "Grantors"; and 500 WEST 43RD STREET REALTY, LLC. a limited liability company organized under the laws of the State of Delaware, having its offices in care of Joe Stareshefsky, 22 Scher Place, Passaic, New Jersey 07068 "Grantee".

### W I T N E S S E T H ;

That Grantors, in consideration of Ten (10) Dollars and other valuable consideration paid by Grantee, do hereby grant and release unto Grantee, the successors and assigns of Grantee forever:

The Unit known as Unit No. Commercial in Building known as The Strand, located at 500 West 43rd Street in the Borough of Manhattan, in the County, City and State of New York and also designated and described as Unit No. commercial, in Declaration establishing The Strand (hereafter called the "Property") made by the Grantor under the Condominium Act of the State of New York, as amended (Article 9-B of the Real Property Law of the State of New York), dated December 12, 1989, and recorded in the New York County Office of the Register of the City of New York, on the 20th day of March, 1989, in Reel 1549 at Page 1219 (hereinafter called the "Declaration") which Declaration was amended by the First Amendment to the Declaration of Condominium dated March 31, 1989, recorded in the New York County office of the Register of the City of New York on the 4th day of April, 1989 in Reel 1556, Page 852, and by 2nd Amendment recorded May 26, 1989 in Reel 1580, Page 2431,
which Unit is also designated as Tax Lot No. 1001 on the Floor Plan of the Building, certified by Philip Birnbaum & Associates, P.C. on the 21st day of March, 1989, and filed simultaneously with said Declaration in the said Office of the Register of the City of New York, County of New York as Map Nos. 625 (hereinafter called the "Unit"). The land area of the Property is described as follows:

ALL that certain plot, piece or parcel of land with the building and improvements thereon erected, situate, lying and being in the Borough of Manhattan in the City of New York in the County and State of New York bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of West 43 Street and the westerly side of 10 Avenue;

RUNNING THENCE southerly along the westerly side of 10 Avenue, 175 feet 4 1/8 inches actual (175 feet 5 inches block standard);

THENCE westerly at right angles to the westerly side of 10 Avenue, 99 feet 11 1/2 inches actual (100 feet block standard);

THENCE northerly at right angles to the last described course, 74 feet 11 5/8 inches actual (75 feet block standard);

REEL 2741 PG 0849

THENCE westerly at right angles to the last described course, 24 feet 11 7/8 inches actual (25 feet block standard);

THENCE northerly at right angles to the last described course, 100 feet 4 1/2 inches actual (100 feet 5 inches block standard) to the southerly side of West 43 Street;

THENCE easterly along the southerly side of West 43 Street, 124 feet 11 3/8 inches actual (125 feet block standard) to the point or place of BEGINNING.

Together with the benefits of the negative covenant as to height as contained in a certain Zoning Lot and Development Agreement between 501-507 West 42nd Street Realty Corp. and Arun Bhatia Development Corporation dated December 26, 1986 and recorded on July 21, 1987 in Reel 1263 Page 492.

Said premises being known as 500 West 43rd Street

TOGETHER with any strips or gores adjoining the above-described premises on any sides thereof.

TOGETHER with an undivided .8345 percent interest in the common elements of the Property described in said Declaration (hereinafter called the "Common Elements");

TOGETHER with an easement for the continuance of all encroachments by the Unit on any adjoining Units or Common Elements now existing as a result of construction of the Building, or which may come into existence hereafter as a result of settling of the Building, or as a result of repair or restoration of the Building, or the Unit, after damage by fire or other casualty, or after taking in condemnation or eminent domain proceedings, or by reason of an alteration or repair to the Common Elements made by or with the consent of the Board of Managers, so that any such encroachments may remain so long as the Building shall stand;

TOGETHER with an easement in common with the Owners of other Units to use any pipes, wires, ducts, cables, conduits, public utility lines, and other Common Elements located in any of the other Units or elsewhere on the Property, and serving the Unit;

TOGETHER with the appurtenances and all the estate and rights of the Grantor in and to the Unit;

TOGETHER with the SUBJECT to all easements of necessity in favor of the Unit or in favor of other Units or the Common Elements;

SUBJECT to easements in favor of adjoining Units and in favor of the Common Elements for the continuance of all encroachments of such adjoining Units or Common Elements on the Unit, now existing as a result of construction of the Building, or which may come into

existence hereafter as a result of settling of the Building, or as a result of repair or restoration of the Building or any adjoining Unit or of the Common Elements, after damage, condemnation or eminent domain proceedings, or by reason of an alteration or repair to the Common Elements made by or with the consent of the Board of Managers, so that any such encroachments may remain so long as the Building shall stand. Each Unit shall be subject to the aforesaid easements in favor of all other Units. In addition, each Unit shall have, and shall be subject to, easements of subjacent support and necessity in favor of such Unit or in favor of other Units and the Common Elements;

SUBJECT also to an easement in favor of the other Units to use the pipes, wires, ducts, conduits, cables, public utility lines and other Common Elements located in the Unit or elsewhere on the Property and serving such other Units;

TOGETHER with the SUBJECT TO EASEMENTS, rights of way, restrictions and encumbrances created by the Declaration for The Strand recorded in the New York County Office of the Register of the City of New York on the 21st day of July, 1987, in Reel 1263 at Page 492.

SUBJECT to the provisions of the Declaration, By-Laws and Floor Plans of the Condominium recorded simultaneously with and as part of the Declaration, as the same may be amended from time to time by instruments recorded in the New York County Office of the Register of the City of New York, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest or estate in the Unit, as though such provisions were recited and stipulated at length herein;

AND the Grantor covenants that the Grantor has not done or suffered anything whereby and said premises have been encumbered in any way whatsoever, except as aforesaid;

TO HAVE AND TO HOLD the same unto the Grantee, and the heirs or successors and assigns of the Grantee, forever.

The Unit is intended to, and, subject to and by the terms of the Declaration, is to be used as a commercial unit.

If any provision of the Declaration or the By-Laws is invalid under, or would cause the Declaration or the By-Laws to be insufficient to submit the Property to, the provisions of the Condominium Act, or if any provision that is necessary to cause the Declaration and the By-Laws to be sufficient to submit the Property to the Provisions of the Condominium Act is missing from the Declaration or the By-Laws, or if the Declaration and the By-Laws are insufficient to submit the Property to the provisions of the

Condominium Act, the applicable provisions of clause 19 of the Declaration shall control.

The Grantor, in compliance with Section 13 of the Lien Law, covenants that the Grantor will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvements before using any part of the same for any other purpose.

The Grantee accepts and ratifies the provisions of the Declaration and the By-Laws and the Rules and Regulations of the Condominium recorded simultaneously with and as part of the Declaration and agrees to comply with all the terms and provisions thereof, as the same may be amended from time to time by instruments recorded in the office of the New York City Register, County of New York.

IN WITNESS WHEREOF, Grantors have duly executed this deed the day and year first above written.

Estate of Estelle Fieldman, deceased

By _____
    Jon Fieldman, Executor

By _____
    Daniel R. Swick, Executor

_____
Joe Stareshefsky

_____
Lillian Stareshefsky

DEED500.43   Disc 52

STATE OF NJ      )
                 : ss
COUNTY OF Bergen )

On October 16, 1998, before me personally came Jon Fieldman and Daniel Swick, to me known, who, being by me duly sworn, did depose and say that they are the Executors of the Estate of Estelle Fieldman, deceased, described in the foregoing instrument and they acknowledged to me that they executed the same.

_____
Notary Public

ELIZABETH A. RAUCH
A Notary Public of New Jersey
My Commission Expires 12/07/2002

STATE OF NJ      )
COUNTY OF Bergen ) SS.:

On October 16, 1998, before me personally came Joe Stareshefsky and Lillian Stareshefsky, to me known to be the individuals described in the foregoing instrument and they acknowledged to me that they executed the same.

_____
Notary Public

ELIZABETH A. RAUCH
A Notary Public of New Jersey
My Commission Expires 12/07/2002

The Strand Condominium
Commerecial Unit Deed

Daniel A. Swick and Jon Fieldman,
et anos.,

Grantors,

-to-

500 WEST 43RD STREET REALTY, LLC          061361

Grantee.

Deed Dated:

Block: 1071
Lot:   1002

Premises: 500 West 43rd Street,
County : New York



R13404

$ 0
REAL ESTATE
OCT 2 9 1998
TRANSFER TAX
NEW YORK
COUNTY

DEED 0031       47.00

RECORD AND RETURN TO

Julius Lentz
Lawyer
488 Madison Avenue
New York, New York 10022
(212) 688-0004

NEW YORK COUNTY

1998 OCT 29 A 9 19

CITY REGISTER