```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
500 WEST 43RD STREET REALTY, LLC,

              Plaintiff,

     -v-

ANUJ THUKRAL,

              Defendant.
-------------------------------------------------------------X

23-cv-09510 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

     Plaintiff 500 West 43rd Street Realty, LLC ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 56, for an order granting it summary judgment on all claims in its complaint and dismissing the affirmative defenses and counterclaims of Defendant Anuj Thukral, a/k/a Anuj Thurkal ("Defendant"). Dkt. No. 21. The motion is denied without prejudice.

     This is an action on a Guaranty executed by Defendant of Basic Monthly Rent and additional rent obligations owed by Anuj-Rani West Side LLC ("Tenant") on a lease. Defendant has moved for summary judgment and Plaintiff has not submitted any papers in opposition.

## LEGAL STANDARD

     Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). The party seeking summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Local Civil Rule 56.1 sets forth specific requirements about how the facts relied upon by the moving party and disputed by the opposing party are to be presented. Any party moving for summary judgment must "annex[ ] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeusert Co.*, 537 F.3d 140, 145 (2d Cir. 2008). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." L.R. 56.1(c); *see T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" *Id.* at 244 (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). Even when

a court in this District deems a movant's Rule 56.1 Statement unopposed, the movant is not "absolve[d] ... of the burden of showing that it is entitled to judgment as a matter of law." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). This burden cannot be carried where the factual assertions contained in a Rule 56.1 statement either lack proper citations to the record or the cited portions of the record do not lend the necessary support. *Id.*

To establish a claim for breach of guaranty under New York law, a plaintiff must "prove 'the existence of the guaranty executed by defendant, the underlying debt, and defendant's failure to perform under the guaranty.'" *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80, 84 (N.Y. 2015) (quoting *Davimos v. Halle*, 826 N.Y.S.2d 61 (1st Dep't 2006)); *Ruradan Corp. v. City of New York*, 2024 WL 2882185, at *6 (S.D.N.Y. June 6, 2024); *KLS Diversified Master Fund, L.P. v. McDevitt*, 507 F. Supp. 3d 508, 530 (S.D.N.Y. 2020); *UMB Bank, N.A. v. Bluestone Coke, LLC*, 2020 WL 6712307, at *4 (S.D.N.Y. Nov. 16, 2020); *Sarfati v. Palazzolo*, 37 N.Y.S.3d 537 (1st Dep't 2016). The burden then shifts to the defendant to raise a triable issue of fact in the form of a bona fide defense. *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 2015 WL 5710947, at *2 (S.D.N.Y. Sept. 29, 2015); *see also Torin Assocs., Inc. v. Perez*, 2016 WL 6662271, at *4 (S.D.N.Y. Nov. 10, 2016) ("Plaintiff's *prima facie* case upon an unconditional guarantee requires proof of the 'existence of the guaranty, the underlying debt[,] and the guarantor's failure to perform under the guaranty.'" (quoting *Navarro*, 36 N.E.3d at 84)). "To prevail on its motion for summary judgment, Plaintiff must demonstrate that there are no genuine disputes surrounding any of the facts that are material to these three requirements." *Torin Assocs.*, 2016 WL 6662271, at *4.

**DISCUSSION**

Plaintiff has established the first two elements. There is no genuine dispute that Defendant executed the Guaranty. Dkt. No. 21-1 ¶ 3; Dkt. No. 21-2 ¶ 5; Dkt. No. 21-8. There also is no dispute that there is an underlying debt. Tenant failed to pay Plaintiff Basic Monthly Rent and additional rent owed pursuant to the Initial Lease. Dkt. No. 21-1 ¶ 9. However, there is a gap in Plaintiff's papers with respect to the third element—Defendant's alleged failure to perform under the Guaranty.

Plaintiff alleges in its complaint that Defendant failed to pay the Basic Monthly Rent and additional rent due under the Guaranty, Dkt. No. 1 ¶ 16. However, that allegation is disputed by Defendant, *see* Dkt. No. 15 ¶ 7, and neither Defendant's Rule 56.1 statement nor the declarations submitted in support of summary judgment explicitly state that Defendant has failed to perform under the Guaranty. The assertion in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment that "Plaintiff has established Defendant's failure to perform his obligations under the Guaranty, because the $359,820.57 covered by the Guaranty remains unpaid," Dkt. No. 21-26, does not suffice. See *Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, 2023 WL 2307180, at *3 (S.D.N.Y. Mar. 1, 2023) (finding that movant failed to carry their burden "where the factual assertions contained in the Rule 56.1 statement either lack proper citations to the record or the cited portions of the record do not lend the necessary support").

Further, it appears that Plaintiff is seeking sums in the form of reimbursement for taxes and legal fees that may be covered by the lease but not by the Guaranty, *see* Dkt. No. 1-7, Dkt. No. 21-1 ¶¶ 10-12, which by its terms covers "Basic Monthly Rent, and additional rent" but does not expressly cover taxes and legal fees. Dkt. No. 1-2. Accordingly, Plaintiff has not established its entitlement to summary judgment.

The motion for summary judgment is DENIED without prejudice to renewal within thirty (30) days of the date of this Order, provided that Plaintiff can establish all three elements necessary to make out a claim for breach of a guaranty.

The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

Dated: October 23, 2024
      New York, New York

                                      LEWIS J. LIMAN
                                  United States District Judge