UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
500 WEST 43RD STREET REALTY, LLC,

Plaintiff,

-against-

ANUJ THUKRAL a/k/a ANUJ THURKAL,

Defendant.
-------------------------------------------------------------------X

Case No. 23-cv-9510 (LJL)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 69(a)(2), and N.Y.C.P.L.R. 5224(a)(2), the annexed Subpoena was served on July 22, 2026. This Notice is given pursuant to and in accordance with N.Y.C.P.L.R. 2303(a).

Dated: Englewood, New Jersey
July 22, 2026

**JEFFREY M. ROSENBERG, P.C.**

By:______________________________

Jeffrey M. Rosenberg
Attorney for Plaintiff-Judgment Creditor
15 Engle Street, Suite 207
Englewood, New Jersey 07631
(646) 233-0091
jmr@jmrpclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
500 WEST 43RD STREET REALTY, LLC,

Plaintiff,

-against-

ANUJ THUKRAL a/k/a ANUJ THURKAL,

Defendant.
-------------------------------------------------------------------X

Case No. 23-cv-9510 (LJL)

**SUBPOENA TO PRODUCE DOCUMENTS TO AID ENFORCEMENT OF JUDGMENT**

**TO: CHARLES SCHWAB & CO. INC.**
**For itself and as successor-in-interest to TD AMERITRADE, INC.**
**Third Party Legal Processing**
**3000 Schwab Way**
**Westlake, Texas 76262**

G R E E T I N G S:

WHEREAS, in an action in the United States District Court for the Southern District of New York, under case number 23 CV 9510 (LJL), between 500 WEST 43RD STREET REALTY, LLC, as Plaintiff, and ANUJ THUKRAL a/k/a ANUJ THURKAL, as Defendant, a Judgment was docketed on January 28, 2025 in favor of Plaintiff, 500 WEST 43RD STREET REALTY LLC, and against Defendant, ANUJ THUKRAL a/k/a ANUJ THURKAL, in the amount of $356,547.80; and

WHEREAS a true and correct Abstract of the Judgment has been docketed in the Office of the Clerk of the County of New York; and

WHEREAS the amount of the Judgment with interest accrued thereon remains due and unpaid;

NOW, THEREFORE, YOU ARE HEREBY COMMANDED to produce at the offices of Jeffrey M. Rosenberg, P.C., 15 Engle Street, Suite 207, Englewood, New Jersey 07631, on or before August 4, 2026, the following items listed on Schedule A annexed hereto and made a part

hereof and any and all other books and papers and things in your possession, custody or control which have or which may contain information regarding any property, income or indebtedness owned by or due ANUJ THUKRAL a/k/a ANUJ THURKAL, or any assets of ANUJ THUKRAL a/k/a ANUJ THURKAL.

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

Dated: Englewood, New Jersey
July 22, 2026

**JEFFREY M. ROSENBERG, P.C.**

By:______________________________

Jeffrey M. Rosenberg
Attorney for Plaintiff-Judgment Creditor
15 Engle Street, Suite 207
Englewood, New Jersey 07631
(646) 233-0091
jmr@jmrpclaw.com

**Fed R. Civ. P. R. 45(d):**

(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**Fed R. Civ. P. R. 45(e):**

(e) Duties in Responding to a Subpoena.
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# SCHEDULE A

## DEFINITIONS

1. As used herein, the terms "you" and "your" shall mean or refer to "**CHARLES SCHWAB & CO. INC., for itself and as successor to TD AMERITRADE, INC.**" and each of its predecessors, successors, groups, divisions, parents, subsidiaries and affiliates.

2. The terms "document" "documents" and "writings" are used in their broadest sense, and to the fullest extent permitted by law, to mean, without limitation, any tangible thing and all original written, recorded, filmed or graphic matter of every type and description, whether produced or reproduced on paper, cards, tapes, film, electronic facsimile, computer storage disks, tapes or devices or any other media, and each copy of such writing, record, film or graphic matter that is different in any way from the original or where such copy contains any commentary or notation whatsoever that does not appear on the original. Documents specifically include, by way of illustration, but not by way of limitation, all letters, notes, diaries, electronic mail, contracts, reports, studies, charts, graphs, proposals, purchase orders, credit memos, memoranda of telephone or in-person conversations, minutes, ledgers, records, recordings, tapes, microfilm, photographs, correspondence, telegrams, bookkeeping entries, financial statements, invoices, tax returns, receipts, checks, check stubs, notebook entries, affidavits, agreements, applications, books, pamphlets, periodicals, appointment calendars and work papers, specifications, recorded audio and/or videotape, pictures, photographs, files, any drafts, compilations, abstracts or summaries of the above and all papers similar to the foregoing, however denominated. Without limitation "documents" and "writings" include all documents in your actual or constructive possession, custody or control, whether prepared, published or released by you to or for any other person or entity.

3. Unless otherwise specified, the requested items cover the time period commencing January 1, 2017 to and including the return date of this Subpoena.

## ITEMS TO BE PRODUCED

1. True and accurate copies of all account statements, records, transactions, for any and all accounts in the sole name of, or for the benefit of, ANUJ THUKRAL a/k/a ANUJ THURKAL, Social Security No. [redacted]1998, together with any other individual, including, but not limited to Account No. [redacted]898e.

2. True and accurate copies of all account statements, records, transactions, for any and all accounts in the sole name of, or for the benefit of, SOVIA THUKRAL, Social Security No. [redacted]0810, together with any other individual, including, but not limited to Account No. [redacted]898e.

**DECLARATION OF SERVICE**

I, JEFFREY M. ROSENBERG, do hereby declare the following to be true under penalties of perjury:

1. I am not a party to this action; I am over 18 years of age; and I maintain an office in Englewood, New Jersey.

2. On July 22, 2026, I served a true copy of the annexed **SUBPOENA TO PRODUCE DOCUMENTS TO AID ENFORCEMENT OF JUDGMENT** upon:

**CHARLES SCHWAB & CO. INC.**
**For itself and as successor-in-interest to TD AMERITRADE, INC.**
Third Party Legal Processing
3000 Schwab Way
Westlake, Texas 76262

by overnight delivery, by depositing a true copy thereof in a sealed envelope with delivery charges prepaid, in the care and custody of FedEx in the United States of America, prior to the latest time designated for overnight delivery. I declare under penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: Englewood, New Jersey
July 22, 2026

______________________
Jeffrey M. Rosenberg